UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES GRAHAM, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO:  1:17-cv-01742 |
| | ) | |
| ARCTIC ZONE ICEPLEX LLC. | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Mr. James Graham, hereinafter Mr. Graham, by counsel, pursuant to Rule 3, Fed. R. Civ. P., and files his Complaint against the Defendant, Arctic Zone Iceplex, LLC, hereinafter Defendant, and shows the Court the following:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981 and 42 U.S.C. § 1983, Retaliatory Discharge for exercising a statutorily conferred right pursuant to *Frampton v. Central Indiana Gas Co.,* 260 Ind. 249, 297 N.E.2d 425 (1973).

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over the state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over the state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff, Mr. Graham, is a male citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title VII.

5. Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.

6. Defendant is a domestic limited liability company registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

7. On or about April 18, 2016, Mr. Graham filed timely charges of Disability Discrimination in violation of Title VII and the ADA, and Retaliation for asserting his rights under Indiana's Worker's Compensation laws against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2016-1154.

8. On or about February 27, 2017, Mr. Graham received a Notice of Right to Sue from the EEOC for Charge Number 470-2016-1154, entitling him to commence action within ninety (90) days of her receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

9. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

10. The Defendant hired Mr. Graham on or about December 15, 2014.
11. Throughout his employment with Defendant, Mr. Graham met or exceeded Defendant's legitimate expectations of performance.
12. On or about February 13, 2015, Mr. Graham injured his head during the course of his employment.
13. Mr. Graham was treated through worker's compensation for his work injury.
14. Mr. Graham had restrictions due to his work injury.
15. Mr. Graham's boss Floyd told Mr. Graham that if he " was not off of worker's comp soon, he would be terminated."
16. In September 2015, Mr. Graham was released to return to work.
17. On or about October 9, 2015, Mr. Graham returned to the worker's compensation doctor with complaints of ongoing headaches.
18. On or about October 15, 2015, Mr. Graham was terminated.
19. The Defendant alleges Mr. Graham was terminated due to damage caused by a Zamboni accident.
20. Mr. Graham had scrapped the base board of the ice rink with the Zamboni.
21. The Defendant knowingly placed Mr. Graham on heavy operating equipment after suffering a head injury.
22. Multiple other employees have also scraped the base board of the rink with the Zamboni.

23. Other employees have also wrecked the Zamboni causing damage but were not terminated.

24. The Defendant treated other similarly situated non-disabled employees more favorably than Mr. Graham.

25. The Defendant treated other similarly situated individuals not claiming benefits under worker's compensation more favorably.

26. The Defendant terminated Mr. Graham six (6) days after he returned to the worker's compensation doctor with complaints of ongoing headaches.

27. The Defendant failed to communicate with Mr. Graham regarding his disability and need for accommodation as required under the ADA.

28. The Defendant intentionally created a hostile work environment towards Mr. Graham due to his disability and his worker's compensation claim.

29. The Defendant treated similarly situated individuals not seeking worker's compensation more favorably than Mr. Graham.

30. The Defendant intentionally retaliated against Mr. Graham due to his worker's compensation claim.

## COUNT I

### DISCRIMINATION ON THE BASIS OF A DISABILITY

Mr. Graham, for his first claim for relief against Defendant, states as follows:

31. Mr. Graham hereby incorporates by reference paragraphs 1 through 30 as though previously set out herein.

32. At all times relevant to this action, Mr. Graham was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and 12111.

33. The conduct as described hereinabove constitutes discrimination on the basis of Mr. Graham's disability.

34. Defendant intentionally and willfully discriminated against Mr. Graham because he is disabled and/or because Mr. Graham has a record of being disabled and/or because Defendant regarded Mr. Graham as disabled. Similarly situated non-disabled employees were treated more favorable in the terms of privileges, and conditions of their employment.

35. Defendant's actions were intentional, willful and in reckless disregard of Mr. Graham's rights as protected by the ADA and Title VII.

36. Ms. Graham has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT II

## RETALIATION FOR SEEKING WORKER'S COMPENSATION BENEFITS

37. Ms. Graham hereby incorporates by reference paragraphs 1 through 36 as though previously set out herein.

38. Mr. Graham sustained a work related injury during his employment with Defendant.

39. The conduct as described hereinabove constitutes retaliation on the basis of Mr. Graham's lawfully seeking statutory worker's compensation benefits in violation of the law set forth in *Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 297 N.E.2d 425 (1973).

40. Defendant intentionally and willfully refused to accommodate Mr. Graham's disability caused by his work injury and failed to allow him to return to his employment in retaliation for him seeking his lawful rights under Indiana's Worker's Compensation laws. Similarly situated individuals who were not seeking worker's compensation benefits were treated more favorably in the terms, privileges and conditions of their employment.

41. Defendant's actions were intentional, willful and in reckless disregard of Mr. Graham's rights under Indiana Law.

42. Ms. Graham has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Mr. Graham, respectfully requests that this Court enter judgment in his favor and:

a. Order Defendant to pay Mr. Graham his lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which he would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages

f. Pay for lost future wages

g. Pay to Mr. Graham all costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre- and post judgment interest;

i. Provide to Mr. Graham all other legal and/or equitable relief this Court sees fit to grant.

## DEMAND FOR JURY TRIAL

The Plaintiff, Mr. Graham, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ Heather R. Falks
Heather R. Falks 29907-41
STEWART & STEWART Attorneys
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
heatherf@getstewart.com
Attorney for Plaintiff